```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| ESTATE OF ROBERT M. CEDERLOFF | : | |
| | : | |
| v. | : | Civil Action No. DKC 08-2863 |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this tax refund case is a motion to compel discovery filed by Plaintiff, the Estate of Robert M. Cederloff. (Paper 28). The issues have been fully briefed and the court now rules, pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be denied.

Plaintiff seeks the refund of delinquency penalties assessed by the Government due to the untimely filing of its federal estate tax return. It is undisputed that Plaintiff applied for and was granted an initial extension of time in which to file its return, and that the return was not filed before the expiration of the extension period. Plaintiff's complaint does not challenge the Government's authority to assess a penalty for the delinquent filing, nor does it challenge the amount of the penalties assessed. Rather, Plaintiff contends that there was reasonable cause for the

filing delay, that these reasons were thoroughly explained to the Government, and that the Government's refusal to abate penalties was "arbitrary and capricious, against the facts of the case and the law of the case, and that said actions deny [Plaintiff] equal treatment and protection under the law." (Paper 1, ¶ 32).

On or about October 13, 2009, following the commencement of discovery, Plaintiff submitted the following two requests for admissions to the Government:

> **Request One:** Notwithstanding the technical provisions of the Internal Revenue Code and Regulations regarding "good cause" or "reasonable cause" which would justify the late filing of a tax return, the Defendant through the Internal Revenue Service from time to time has waived said technical requirements and accepted tax returns without the assessment of a penalty.
>
> . . . .
>
> **Request Two:** From time to time, the Defendant, through the Internal Revenue Service, has accepted the late filing of a tax return without assessing a penalty, even though the stated reason for the late filing did not technically constitute "good cause" or "reasonable cause" as defined by the Internal Revenue Code and Regulations.

(Paper 28, at 2-4). On or about December 7, 2009, the Government filed objections to both requests. As to the first, the Government complained that (1) it was neither relevant to the case nor reasonably calculated to lead to the discovery of

admissible evidence; (2) use of the word "waived" rendered its substance ambiguous; and (3) it would require disclosure of information protected under 26 U.S.C. § 6103.  As to the second request, the Government reiterated its objections on the grounds of relevancy, ambiguity, and that it sought protected information, and further contended that the request was overbroad.  (*Id*. at 2-5).

As an initial matter, although Plaintiff's motion is denominated as one to compel discovery, in substance, it asks the court to determine the sufficiency of an answer or objection to requests for admissions, pursuant to Fed.R.Civ.P. 36(a)(6).[1]  That rule provides that "[u]nless the court finds an objection justified, it must order that an answer be served."  Thus, the question before the court is whether the Government's objections are justified.  Resolution of that question necessarily requires a brief analysis of what Plaintiff must prove in order to prevail on its claim.

The Internal Revenue Code requires that an estate file a tax return and pay any taxes due within nine months of a decedent's death.  *See* 26 U.S.C. § 6075.  Pursuant to 26 C.F.R.

---

[1] Fed.R.Civ.P. 37(a)(3)(B), the rule governing motions to compel discovery responses, is explicit as to when a motion to compel a discovery response may be made, and the rule says nothing with regard to an opposing party's objection to requests for admissions.

3

§ 20.6081-1(a), "[a] request for an extension of time to file the return . . . must be made by filing Form 4768, 'Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes.'"  If this application is filed on or before the original due date for the return, "[a]n estate will be allowed an automatic 6-month extension of time" in which to file.  26 C.F.R. § 20.6081-1(b).  Unless the executor is abroad, however, an additional extension is not available.  26 C.F.R. § 20.6081-1(c).  The applicable regulation is explicit that "[a] return as complete as possible must be filed before the expiration of the extension period."  26 C.F.R. § 20.6081-1(d).

Section 6651(a) mandates the assessment of penalties for, *inter alia*, failure to file a timely return "unless it is shown that such failure is due to reasonable cause and not due to willful neglect."  "In determining reasonable cause, the court is to look to see if the estate exercised ordinary business care and prudence but was still unable to timely file . . . its taxes."  *St. Clair v. United States*, 880 F.Supp. 669, 672 (D.Minn. 1993) (citing *Richter v. United States*, 440 F.Supp. 921, 923 (D.Minn. 1977)).

In light of the applicable legal standard, it is clear that Plaintiff's requests for admissions are wholly irrelevant to the instant case.  What Plaintiff seeks, in essence, are admissions

4

that despite the plain language of the applicable regulation, the Government has, on occasion, simply disregarded its own rules and either not assessed or abated a previously assessed delinquency penalty. Even if these requests were admitted, however, Plaintiff's law suit would be no more likely to prevail. The burden would still be on Plaintiff to establish reasonable cause for its failure to file the return in a timely manner; moreover, as the Government observes, the court is required to conduct a *de novo* review of that question, not a judicial review of the IRS administrative action on the claim. *See Nat'l Right to Work Legal Defense and Ed. Foundation v. United States*, 487 F.Supp. 801, 805 (E.D.N.C. 1979) (citing *O'Dwyer v. Commissioner of Internal Revenue*, 266 F.2d 575, 580 (4th Cir. 1959)). The reasoning of the IRS in assessing penalties in Plaintiff's case is irrelevant to the outcome of this proceeding; clearly, its reasoning in granting relief in other cases is of no moment.

For the above stated reason, the Government's objections to Plaintiff's requests for admissions will be sustained, and Plaintiff's motion will be denied. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge